No. 98,537

In the Matter of PETER JOSEPH ANTOSH, *Respondent.*

(169 P.3d 1091)

Opinion filed October 26, 2007.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*John J. Ambrosio,* John J. Ambrosio, Chartered, of Topeka, argued the cause for respondent, and *Peter Joseph Antosh,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Respondent, Peter J. Antosh, a Dodge City attorney licensed to practice law in Kansas since December 2003.

The formal complaint charged Respondent with violating Kansas Rules of Professional Conduct (KRPC) 1.7(a) (2006 Kan. Ct. R. Annot. 411) (conflict of interest, adverse clients); KRPC 8.4(b) (2006 Kan. Ct. R. Annot. 510) (criminal act reflecting adversely on fitness as lawyer); and KRPC 8.4(d) (misconduct prejudicial to the administration of justice).

Respondent appeared in person and through counsel at his disciplinary hearing, and he stipulated to the facts and ethical violations set out in the formal complaint. The hearing panel filed its final hearing report in April 2007.

"In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties, and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. [Citations omitted.]

"This court views the findings of fact, conclusions of law, and recommendations made by the disciplinary panel as advisory, but gives the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Thus, the disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. [Citations omitted.]" *In re Lober,* 276 Kan. 633, 636-37, 78 P.3d 442 (2003).

The hearing panel made the following findings of fact based on two incidents of Respondent's misconduct.

The first incident involved a protection from abuse action filed January 9, 2006, by Dina Ramirez-Ortiz against her husband, Mauricio Albino-Ortiz. On that same day, District Judge E. Leigh Hood issued a temporary order of protection. A hearing on the PFA petition was set for January 18, 2006.

Albino-Ortiz met with Respondent on January 12 regarding the PFA. He paid Respondent a fee of $100 for the initial consultation. Respondent agreed to represent Albino-Ortiz on the PFA, provided an additional fee of $200 was paid.

Ramirez-Ortiz, who speaks only Spanish, believed that she needed to arrange to have an interpreter present at the hearing on the PFA. Because Respondent is fluent in Spanish, Ramirez-Ortiz contacted Respondent's office to hire Respondent to communicate with the court for her. She paid Respondent $200. Respondent's office staff arranged for Ramirez-Ortiz to meet with Respondent on January 17.

On January 17, Respondent met with Ramirez-Ortiz, believing she had retained him to mediate a resolution of the case between her and Albino-Ortiz. During their meeting, Respondent attempted to persuade Ramirez-Ortiz to dismiss the PFA petition, on the condition that Albino-Ortiz participate in an anger management class.

Later that same day, Respondent met with Judge Hood. Respondent advised the judge that he believed the parties had reached an agreement or would soon reach an agreement, and that there would be no further need for the temporary PFA order. From their conversation, the judge believed Respondent represented Ramirez-Ortiz.

On January 18, the district court called the case for hearing. Respondent was not present; he was in Edwards County appearing in court on behalf of another client. The Edwards County hearing lasted longer than Respondent had expected it would.

Relying on Respondent's representations that the parties had reached an agreement, the court proceeded with the hearing without Respondent. Upon questioning by the court, Ramirez-Ortiz

exhibited surprise and informed the court that she had not agreed to any mediation of the dispute. She also made clear that she did not want the PFA dismissed. The court rescheduled the hearing for the next day.

Respondent appeared at the rescheduled hearing. When the court requested an explanation, Respondent stated he was representing both Ramirez-Ortiz and Albino-Ortiz and had accepted legal fees from both parties. Respondent also acknowledged that he had encouraged Albino-Ortiz to talk with Ramirez-Ortiz, which would have violated the temporary PFA order.

On January 26, Respondent filed a motion to withdraw as counsel and stated that his "rationale for meeting with and charging both parties for legal services (to-wit: that he was serving as a de facto mediator and representing both of their interests) clearly is erroneous, improper, violates the rules of professional ethics and is not accepted by the Court."

The second incident involved Rosa Delgado and Carlos Martinez, owners and operators of La Buchanan Club, a tavern in or near Dodge City, who retained Respondent to determine if local law enforcement officers' weekend investigations at the club were proper. According to Delgado and Martinez, law enforcement officers would enter the club, stop the music, and require all patrons to display their La Buchanan Club membership card and other identification. The other identification requested was intended to allow the officers to determine if the club's patrons were lawfully present in the United States.

On May 21, 2005, Respondent, his law partner, and his legal assistant went to La Buchanan Club to observe any law enforcement action. While waiting at the club, each of the three consumed alcohol.

When officers arrived, Respondent approached them and engaged them in conversation, challenging their authority to conduct the anticipated investigation. Respondent persisted in his dialogue with the officers despite their orders to back away. Eventually, Respondent and the officers raised their voices, and a physical confrontation ensued. Respondent appeared to be intoxicated. Respondent, his partner, and his legal assistant were arrested. Re-

spondent was charged with assault, disorderly conduct, and obstruction.

The city attorney of Dodge City approved Respondent's request to participate in a diversion program. Respondent paid $900 in fees, costs, and fines and completed the terms and conditions of the diversion agreement.

Based on the foregoing findings of fact and Respondent's stipulation, the hearing panel concluded as a matter of law that Respondent violated KRPC 1.7(a) (2006 Kan. Ct. R. Annot. 411-12), which provides: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation," by accepting fees and attempting to represent both Ramirez-Ortiz and Albino-Ortiz, opposing parties in the same action.

The hearing panel also concluded that Respondent violated KRPC 8.4(b), which provides: "It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." 2006 Kan. Ct. R. Annot. 510. Respondent had admitted that he committed criminal acts—specifically, assault, disorderly conduct, and obstruction.

Finally, the panel concluded that Respondent violated KRPC 8.4(d), which provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that it prejudicial to the administration of justice." 2006 Kan. Ct. R. Annot. 511-12. The panel regarded Respondent's criminal conduct as sufficient to violate this rule. "As an attorney, the Respondent is an officer of the court. When the Respondent committed the crimes of assault, disorderly conduct, and obstruction before members of the public, the Respondent engaged in the conduct that is prejudicial to the administration of justice."

In recommending discipline, the panel considered the following factors based on the American Bar Association's Standards for Imposing Lawyer Sanctions (1991) (Standards):

"*Duty Violated*. The Respondent violated his duty of loyalty to his client. Additionally, the Respondent violated his duty to the legal profession to maintain personal integrity.

"*Mental State*. The Respondent knowingly violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual harm to his client, to the legal system, and to the legal profession."

## The panel found the following aggravating factors present:

"Vulnerability of Victim. Mr. and Mrs. Ortiz speak only Spanish. They were particularly vulnerable to the Respondent's misconduct because of their language barriers.

"Illegal Conduct. The Respondent engaged in illegal conduct. As a result, the Respondent was placed on diversion for assault, disorderly conduct, and obstruction."

## The panel also considered the following mitigating factors:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 2003. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 2 years. Accordingly, the Hearing Panel concludes that the Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Dodge City, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Imposition of Other Penalties or Sanctions. The Respondent was placed in a diversion program for the criminal offenses. As a result of his participation in the diversion program, the Respondent paid $900.00 in fees, costs, and fines.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse."

## The panel also considered the following two Standards:

" 'Reprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client.' Standard 4.33.

"Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3."

The Deputy Disciplinary Administrator recommended published censure; Respondent joined the Deputy Disciplinary Administrator's recommendation; and the hearing panel unanimously recommended that this court censure Respondent and that the censure be published in the Kansas Reports.

We hold that the disciplinary hearing panel's findings of fact and conclusions of law are amply sustained by the evidence and hereby adopt them as our own. Further, while the panel's recommended discipline is advisory only and sanction is within our discretion, we agree with the unanimously recommended discipline of published censure in accordance with Supreme Court Rule 203(a)(3) (2006 Kan. Ct. R. Annot. 243) for the violations of KRPC 1.7(a) and 8.4(b) and (d).

IT IS THEREFORE ORDERED that Peter J. Antosh be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2006 Kan. Ct. R. Annot. 243) for violations of KRPC 1.7(a) and 8.4(b) and (d).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs of these proceedings be assessed to Respondent.

DAVIS, J., not participating.

GREENE, J., assigned.